NOTE: This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**KATHLEEN HANSEN,**
*Petitioner*

**v.**

**DEPARTMENT OF THE ARMY,**
*Respondent*

---

2015-3119

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-14-0008-I-2.

---

Decided: October 9, 2015

---

KATHLEEN HANSEN, Whiting, NJ, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., CLAUDIA BURKE.

---

Before LOURIE, DYK, and HUGHES, *Circuit Judges.*

PER CURIAM

Petitioner Kathleen Hansen petitions for review of the March 13, 2015, decision of the Merit Systems Protection Board ("Board") affirming the Department of the Army's decision to terminate her employment. *See Hansen v. Dept. of the Army*, No. PH-0752-14-0008-I-2 (M.S.P.B. Mar. 13, 2015) ("Final Order"). For the reasons set forth below, we affirm.

## BACKGROUND

Ms. Hansen was a Contract Specialist with the Department of the Army ("Army"). On June 27, 2013, the Army proposed removing Ms. Hansen from her position due to insubordination and disrespectful conduct toward a supervisor. On September 13, 2013, the Army issued a Notice of Decision removing Ms. Hansen from her position. She appealed to the Board. After a hearing, the administrative judge ("AJ") issued an initial decision affirming Ms. Hansen's removal. *Hansen v. Dept. of the Army*, No. PH-0752-14-0008-I-2 (M.S.P.B. Nov. 25, 2014) ("Initial Decision"). Ms. Hansen filed a petition for review before a Board Panel. On March 13, 2015, the Board denied the petition and affirmed the Initial Decision. Ms. Hansen seeks review of the Board's final order.

## DISCUSSION

This court's review of Board decisions is "limited to whether they are (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." *Forest v. Merit Sys. Prot. Bd.,* 47 F.3d 409, 410 (Fed. Cir. 1995) (citing 5 U.S.C. § 7703(c) (1988)). On review, Ms. Hansen raises several arguments.

First, Ms. Hansen asserts that the Board failed to consider much of the evidence she presented. The record shows, however, that the Board's review of the evidence was thorough and complete. The Board considered the "content and context" of the six specifications of disrespectful conduct and one specification of insubordination. Final Order at 3-4. Its findings are supported by substantial evidence.

Second, Ms. Hansen argues that the Board erred by failing to consider all of the *Douglas* factors in its analysis. In *Douglas v. Veterans Administration*, the Board established a non-exclusive list of factors to consider in adverse employment actions, including: the seriousness of the offense; whether it was intentional or frequent; the employee's job level, disciplinary record, and past performance; the clarity of any warnings; and any mitigating circumstances raised by the employee. 5 M.S.P.B. 313, 331-32 (1981). The Board specifically noted that the deciding official credibly testified that she had considered all of the *Douglas* factors. Final Order at 8. The Board found that the Army had properly reviewed all *Douglas* factors in its removal analysis. *Id.* We find no error in the Board's findings or conclusions.

Third, Ms. Hansen asserts that the Board erred in finding that she failed to establish her affirmative defense of equal employment opportunity (EEO) retaliation. Specifically, Ms. Hansen argues that the Board incorrectly found that the deciding official did not have knowledge of her EEO activity prior to removing her. The Board explained, however, that regardless of whether the deciding official knew about Ms. Hansen's EEO activity prior to removing her, Ms. Hansen failed to demonstrate a genuine nexus between her EEO activity and her removal. The Board found that the agency had a legitimate and nondiscriminatory reason for removing Ms. Hansen, and Ms. Hansen failed to meet her burden of proving retalia-

tion by a preponderance of the evidence. We find no error in the Board's findings or conclusions.

Finally, Ms. Hansen asserts that the Board decision violated her First and Fifth Amendment rights. Ms. Hansen claims a First Amendment right to write disrespectful emails in the workplace. We find no merit to this claim. As for Ms. Hansen's Fifth Amendment claim, she asserts that her termination constituted "double jeopardy" because it was based in part on conduct for which she had already been disciplined. Although federal employment cases do not present a double jeopardy issue *per se*, the Board has held that, "[w]here an agency has imposed disciplinary or adverse action because of an employee's misconduct, it is barred from subsequently taking another adverse action for the same reason." *Adamek v. U.S. Postal Serv.*, 11 M.S.P.B. 482, 483 (1982) (citations omitted). The Board considered and properly rejected this argument, determining that there is no evidence that Ms. Hansen was ever disciplined twice for the same misconduct.

We have considered Ms. Hansen's additional arguments and find them to be without merit.

**AFFIRMED**

COSTS

No costs.